```
                                              U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF TEXAS
                                                  FILED
        IN THE UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF TEXAS
               FORT WORTH DIVISION         OCT - 2 2014

                                          CLERK, U.S. DISTRICT COURT
                                          By _____
                                                   Deputy
```

OPERATING TECHNICAL             §
ELECTRONICS, INC.,              §
                                §
            Plaintiff,          §
                                §
VS.                             §   NO. 4:13-CV-871-A
                                §
GENERAC POWER SYSTEMS, INC.,    §
                                §
            Defendant.          §


## MEMORANDUM OPINION
### and
### ORDER

Now before the court for consideration is the second motion for partial summary judgment,[1] filed in the above action by plaintiff, Operating Technical Electronics, Inc. Defendant, Generac Power Systems, Inc., filed a response, and plaintiff filed a reply. Having now considered all of the parties' filings, the entire summary judgment record, the parties' Joint Pretrial Order, and the applicable legal authorities, the court concludes that the second motion for partial summary judgment should be granted in part and denied in part.

----

[1] Plaintiff on June 4, 2014, filed its first motion for partial summary judgment, which it subsequently withdrew on July 10, 2014.

I.

## Plaintiff's Complaint and Defendant's Answer

Plaintiff initiated this action on October 24, 2013, by the filing of its original complaint.  Plaintiff later filed a first amended complaint, where it asserted claims and causes of action against defendant for suit on open account, breach of written contract, and quantum meruit.  Plaintiff sought damages from defendant in the principal amount of $789,396.86, plus pre- and post-judgment interest, costs, and attorney's fees.

In its answer, defendant asserted the affirmative defenses of unclean hands, economic loss, estoppel, offset/credit, and failure to mitigate damages.

II.

## Grounds of Plaintiff's Motion and the Nature of Defendant's Response

A.   Plaintiff's Motion

Plaintiff moved for summary judgment only on its breach of contract claim, on the grounds that a contract existed between the parties, plaintiff complied with its terms, or was excused from compliance, and defendant defaulted in its performance. Plaintiff also argued that defendant's affirmative defenses of unclean hands, economic loss, estoppel, and offset were barred by collateral estoppel, and that no genuine issue of material fact

2

exists concerning plaintiff's attempts to mitigate damages that would prevent summary judgment on that affirmative defense.

B.   Defendant's Response

Defendant in its response maintained that fact issues persist regarding the amount of damages plaintiff is claiming, as well as whether plaintiff mitigated its damages, that preclude summary judgment.

III.

The Parties' Prior Litigation

The instant action is the second between the parties in this court, and a brief summary of those proceedings is useful here. On May 31, 2012, plaintiff filed a complaint for declaratory judgment in Civil Case No. 4:12-CV-345-Y, before the Honorable Terry R. Means ("First Action"), pertaining to warranty claims defendant made on battery chargers it purchased from plaintiff.[2] Plaintiff sought declarations concerning the scope of the warranty it provided to defendant and the claims made by defendant thereunder, as well as declarations on the limits of plaintiff's liability to defendant for any such claims. Defendant filed a combined motion to dismiss and answer, and counterclaimed for breach of contract, breach of implied warranty

---

[2]The court takes judicial notice of the entire record in Civil Case No. 4:12-CV-345-Y.

3

of merchantability, breach of express warranty, and breach of
warranty for a particular purpose. Both parties moved for
summary judgment.

On March 11, 2014, Judge Means signed an order granting
plaintiff's motion for summary judgment

> to the extent [plaintiff] requests a declaratory
> judgment that its January 21, 2008 email (as
> supplemented by the included November 2007 quotation)
> and Generac's purchase order formed the basis of the
> parties' contract, and that OTE's express-warranty
> provision therefore became part of the parties'
> agreement. The motion is also GRANTED to the extent
> OTE seeks summary judgment on Generac's claims for
> breach of implied warranties and to the extent Generac
> claims OTE's express warranty fails of its essential
> purpose because of its twelve-month limitation.
> Generac's summary-judgment motion is GRANTED to the
> extent it requests judgment on OTE's request for
> attorney's fees. The remainder of both motions are,
> however, denied.

Pl.'s App. at 43. The March 11 order denied summary judgment for
plaintiff on defendant's breach of warranty claim for failure to
provide notice, and also denied plaintiff's motion as to
defendant's claim that plaintiff's "express warranty failed of
its essential purpose because OTE failed to timely repair or
replace the battery chargers." Id. at 41.

On March 27, 2014, Judge Means signed a final judgment,
ruling that

> OTE's January 21, 2008 e-mail (as supplemented by
> the included November 2007 quotation) and the purchase
> orders sent by defendant Generac Power Systems, Inc.

4

("Generac") formed the basis of the parties' contract, and OTE's express-warranty provision therefore became part of the parties' agreement concerning the sale and purchase of the goods at issue.

Additionally, judgment is GRANTED in OTE's favor and against Generac regarding Generac's claims for breach of implied warranties and to the extent Generac claims OTE's express warranty fails of its essential purpose because of its twelve-month limitation, . . . and those claims are DISMISSED WITH PREJUDICE to their refiling.

Id. at 44.  The final judgment also dismissed plaintiff's remaining causes of action for declaratory judgment without prejudice as moot, and dismissed defendant's remaining claims against plaintiff without prejudice.  Defendant has appealed Judge Means's rulings on the summary judgment motions and the final judgment.

IV.

Facts Pertaining to the Instant Action[3]

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiff designs and manufactures battery chargers. Manufacturing does not commence until a purchase order is received from a customer, and the chargers are then prepared

---

[3]The facts are derived from the parties' briefs in support of the motion for summary judgment and defendant's response, as well as the parties' Joint Pretrial Order.

according to the customer's specifications.  Defendant
manufactures generators for home, commercial, and industrial
purposes.

The parties began their business relationship in November
2007, when defendant contacted plaintiff and requested a
quotation for potted battery chargers to be used in defendant's
home stand-by generators.[4]  Plaintiff responded by electronic
mail dated November 27, 2007, with a quote for both potted and
non-potted battery chargers.  Defendant has since purchased tens
of thousands of battery chargers from plaintiff.

The legal difficulties between the parties began in May
2012, when defendant filed a petition seeking the pre-suit
deposition of plaintiff in the district court of Tarrant County,
Texas.  Shortly thereafter, plaintiff initiated the First Action
against defendant.  Notwithstanding the litigation between the
parties, defendant continued ordering battery chargers from
plaintiff.  Although the First Action addressed warranty claims
made by defendant regarding some of the chargers it purchased
from plaintiff, defendant has made no warranty claims on
plaintiff's products shipped after January 1, 2013.

The claims in the instant action pertain to orders placed by

---

[4]A potted battery charger is enclosed in a plastic encasement and filled with epoxy, while a non-potted charger is sealed and enclosed without epoxy.

defendant beginning in January 2013.   Over the next several months, defendant ordered more than 50,000 battery charges from plaintiff.   From January 1, 2013, through August 1, 2013, 44,732 battery chargers were delivered to, and accepted by, defendant, for which plaintiff sent invoices in the amount of $677,105.08.[5] Plaintiff withheld delivery of 5,976 battery chargers that were to be delivered in August 2013, due to non-payment by defendant. The total amount due on these chargers is $84,918.96.   The 5,976 chargers remain in plaintiff's warehouse in Texas.

Plaintiff purchased the components to produce 2,000 battery chargers, intended for delivery to defendant in October 2013. However, due to defendant's non-payment, plaintiff ceased production of these chargers, and the component parts remain at plaintiff's assembly facility in China.   The purchase order price for the 2,000 chargers is $37,960.00; however, plaintiff avoided $1,470.22 in assembly and shipping costs when it ceased assembly.

In July and August of 2013, Ed Isaack ("Isaack"), plaintiff's operations manager, sent emails to defendant's employees regarding payment of outstanding amounts due; however, defendant failed to respond.

---

[5]Defendant contended that it did not receive thirty-six chargers valued at $511.56. Although plaintiff disputed that contention, it acceded to defendant's claim for purposes of eliminating any factual disputes. The $677,105.08 amount reflects a deduction of $511.56 in plaintiff's claimed damages.

Plaintiff originally demanded $789,396.86 in damages.  In its reply, however, plaintiff clarified that the total amount of damages it is now seeking is $788,885.30, as explained in section VI.A., _infra_.

V.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  _Celotex Corp. v. Catrett_, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." _Id._ at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  _Id._ at 324; _see also_ Fed. R. Civ. P. 56(c) ("A party

8

asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## VI.

### Analysis

A.  <u>Breach of Contract Claim</u>

To prove the existence of a valid contract under Texas law requires plaintiff to show offer and acceptance, meeting of the

9

minds, consent to the terms, and execution and delivery of the
contract with the intent that it be mutual and binding.  See
Copeland v. Alsobrook, 3 S.W.3d 598, 604 (Tex. App.--San Antonio
1999, pet. denied).  There appears to be no dispute that the
parties entered into a contract or contracts for defendant to
purchase battery chargers from plaintiff.

  Because plaintiff has alleged defendant breached the
parties' contract, plaintiff must also show, beyond the existence
of a valid contract, that it performed or tendered performance,
defendant breached the contract, and plaintiff sustained damages
as a consequence of the breach.  Mullins v. TestAmerica, Inc.,
564 F.3d 386, 418 (5th Cir. 2009) (quoting Aquiar v. Segal, 167
S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet.
denied)).  Again, defendant did not appear to dispute that it
breached the parties' contract.  Instead, defendant argued
against summary judgment only on the grounds that genuine issues
of material fact exist with respect to (1) the number of chargers
delivered by plaintiff to defendant, which affects the amount of
plaintiff's damages, and (2) whether plaintiff failed to mitigate
its damages.

  In its first amended complaint and in its brief in support
of the summary judgment motion, plaintiff contended that it is
entitled to $789,396.86 in damages as a result of defendant's

failure to pay for battery chargers manufactured by plaintiff and delivered to defendant under the terms of the parties' contract. The damages included 1,764 battery chargers plaintiff contended it delivered on June 25, 2013, in accordance with purchase order PDB3216.  Defendant maintained in its response, however, that it only received 1,728 of those chargers.  According to defendant, this discrepancy constitutes a genuine issue of material fact sufficient to defeat summary judgment.  Defendant neither objected to any of plaintiff's other arguments or evidence in support of its breach of contract claim, nor adduced controverting summary judgment evidence.

Although plaintiff in its reply disputed the suggestion that defendant did not receive all of the 1,764 battery chargers associated with purchase order PDB3216, it indicated its willingness to reduce its claim by the difference in cost of the thirty-six purportedly undelivered chargers, a total of $511.56. Hence, plaintiff in its reply revised the damages amount it is claiming to $788,885.30.

Plaintiff maintained that with its concession on the thirty-six purportedly undelivered chargers, no fact issues remain on its breach of contract claim.  The court agrees.  It appears to be undisputed that a valid contract existed between the parties and that defendant breached the contract.  The court concludes that plaintiff is entitled to summary judgment on this claim.

B.    Affirmative Defenses of Unclean Hands, Economic Loss,
      Estoppel, and Offset

In its answer to plaintiff's first amended complaint,

defendant asserted the following affirmative defenses:[6]

     **Unclean hands.**  OTE's claims are barred by the
equitable doctrine of unclean hands because any alleged
damages it seeks are offset by its failure to comply
with its own warranties and obligations to repair/
replace defective products.

     **Economic Loss.**  OTE's claims are barred because
its only damages are based upon alleged breach of
contract damages.

     **Estoppel.**  OTE is estopped from seeking damages
because it failed to comply with its agreements with
Generac and honor its warranties.

     **Offset/Credit.**  Generac is entitled to an offset
or credit for all or part of the damages sought by OTE.

Def.'s Answer to First Am. Compl. at 3 ("Def.'s Answer")

(paragraph numbers omitted).  Plaintiff alleged that the

foregoing affirmative defenses are barred by collateral estoppel.

Although the heading in plaintiff's brief on this subject refers

specifically to "collateral estoppel," the brief also discusses

res judicata.  It is unclear which doctrine plaintiff has

asserted, or if it intended to assert both res judicata and

collateral estoppel.

The preclusive effect of a prior federal court judgment is

---

[6]Defendant also raised the affirmative defense of failure to mitigate damages, which is addressed in section VI. C., infra.

controlled by federal common law.  Taylor v. Sturgell, 553 U.S.
880, 891 (2008).  However, in diversity cases, federal law
incorporates the law of the state in which the rendering court
sits.  See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S.
497, 508 (2001).  To show the application of res judicata, or
claim preclusion, requires plaintiff to prove: (1) the parties
are the same in both actions; (2) the judgment in the first
action was rendered by a court of competent jurisdiction; (3) the
first action was adjudicated by a final judgment on the merits;
and, (4) the same claim or cause of action is involved in both
suits.  Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499
(5th Cir. 2004)

Similarly, collateral estoppel requires a showing that (1)
the issue to be resolved in the second action is identical to
that involved in the first action; (2) the issue was actually
litigated in the first action; and, (3) the determination of the
issue in the first action was a "critical and necessary part of
the judgment" in the first action.  Rabo Agrifinance, Inc. v.
Terra XXI, Ltd., 583 F.3d 348, 353 (5th Cir. 2009).

Noting portions of the affirmative defenses raised in the
First Action, plaintiff argued that "[t]he issue, if any, of
warranty claims due to defective battery chargers has been
litigated and is the subject of a Final Judgment."  Br. in Supp.

13

of Pl.'s Second Mot. for Partial Summ. J. at 23.   After

discussing elements of res judicata and collateral estoppel under

Texas law, plaintiff asserted that

> [i]n this case the parties were exactly the same as the
> previous case, facts concerning warranty claims were
> litigated in the prior case, those facts were the basis
> of the action, and the parties were adversaries.   As
> such collateral estoppel precludes Defendant from using
> the same claims as a defense in this action.

Id. at 24.

The court finds that plaintiff has failed to show it is

entitled to judgment as a matter of law on defendant's

affirmative defenses based on res judicata or collateral

estoppel.   In the First Action, it appears Judge Means denied

summary judgment for plaintiff on the warranty issues raised in

the "unclean hands" and "estoppel" affirmative defenses, and that

defendant dismissed those claims without prejudice.   In addition,

the First Action considered warranty claims on battery chargers

defendant purchased prior to 2013, while the instant action

pertains to payment for chargers defendant ordered after January

2013.   Plaintiff has not explained the application here of res

judicata or collateral estoppel in light of the foregoing facts.

Nor is it clear from plaintiff's brief how collateral estoppel or

res judicata bar the defenses of economic loss or offset.

Accordingly, plaintiff's motion is denied as to defendant's

14

affirmative defenses of unclean hands, economic loss, estoppel, and offset.

C.   Failure to Mitigate Damages

Defendant in its answer to plaintiff's first amended complaint asserted that plaintiff's claims were barred because plaintiff failed to mitigate its damages, specifically, because it "failed to (1) attempt to sale [sic] battery charger component parts that are in China; and (2) sale [sic] battery chargers currently in its inventory in Texas." Def.'s Answer.  The chargers referenced in this affirmative defense include the 5,976 chargers which were manufactured and remain in plaintiff's inventory, as well as the 2,000 chargers for which manufacturing was stopped due to defendant's non-payment.

The doctrine of mitigation of damages requires a party to make reasonable efforts to minimize damages when he can do so "at a trifling expense or with reasonable exertions." Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1, 908 S.W.2d 415, 426 (Tex. 1995) (quoting Walker v. Salt Flat Water Co., 96 S.W.2d 231, 232 (1936)).  A defendant that raises failure to mitigate as a defense has the burden of proving lack of diligence by the plaintiff, and it must also show the amount by which damages were increased by such failure to mitigate.  Geotech Energy Corp. v. Gulf States Telecomm. & Info. Sys., Inc., 788 S.W.2d 386, 390

15

(Tex. App.--Hous. [14th Dist.] 1990, no writ).  Failure to mitigate is generally a question of fact for the jury.  Sorbus, Inc. v. UHW Corp., 855 S.W.2d 771, 775 (Tex. App.--El Paso 1993, writ denied).  The standard is one of ordinary care:  "what an ordinary prudent person would have done under the same or similar circumstances."  Id.  (citation omitted).

In its motion, Plaintiff claimed it did not attempt to resell the 5,976 chargers to another entity because those chargers were made to defendant's specifications, and it admittedly made no attempt to determine if another entity would have purchased the chargers because of a purported previous agreement between the parties.  Defendant objected to the testimony concerning the purported agreement on the basis of Rule 1002 of the Federal Rules of Evidence.  Plaintiff failed to address this objection in its reply.

Additionally, plaintiff claimed it did nothing with the materials it purchased to manufacture the 2,000 chargers because by the time it decided to discontinue the manufacturing process, it was no longer able to return those items to the manufacturer.  But plaintiff also admitted it made no attempt to sell the component parts to any other entity.

The court concludes that fact issues exist concerning whether plaintiff failed to mitigate its damages that preclude

summary judgment for plaintiff on this issue.

D.   Delay Pending Appeal

In its response to the summary judgment motion, defendant asked that the court delay adjudication of this action while the First Action is pending on appeal.  The court is declining defendant's request.

VII.

Order

Therefore,

The court ORDERS that plaintiff's second motion for partial summary judgment be, and is hereby, granted as to plaintiff's breach of contract claim, and that plaintiff have and recover from defendant damages in the amount of $788,885.30, subject to whatever reduction may be warranted if defendant is permitted to pursue its affirmative defenses and does so successfully.

The court further ORDERS that in all other respects plaintiff's second motion for partial summary judgment be, and is hereby, denied.

SIGNED October 2, 2014.

JOHN McBRYDE
United States District Judge